HON. MARVIN I. HONIG County Attorney, Rensselaer County
This is in response to your letter wherein you ask for an opinion of the Attorney General whether or not the Hudson Valley Community College, which has been represented by the Rensselaer County Attorney, would be authorized through its Board of Trustees to employ separate counsel distinct and apart from the office of the Rensselaer County Attorney.
You point out that the Hudson Valley Community College has been represented by the Rensselaer County Attorney, except where there are tort claims at which time the College has been represented by an insurance carrier.
You further point out that the members of the Board of Trustees of the Hudson Valley Community College concur that it would be advantageous to have an attorney present at their Board meetings and to consult with the Administration of the College and committees of the Board of Trustees. You state that it is your opinion that legal services to the Hudson Valley Community College should be provided by the Rensselaer County Attorney's office and that the College could employ the services of an attorney who would be deputized by the County Attorney to provide legal services for the College and while he would be compensated by the College he would perform his duties under the direction of the Rensselaer County Attorney.
The particular question you present in whether, absent a conflict between the County of Rensselaer and the Hudson Valley Community College, the Board of Trustees of said College is authorized to employ the services of an attorney, other than the County Attorney, to advise College officials and appear for the College or is officers in the event of litigation other than tort matters which are covered by an insurance carrier; but, in the event of a conflict between the County of Rensselaer and the Hudson Valley Community College where such conflict is proclaimed by some or all of the members of the Board of Trustees of the College may the Board of Trustees employ separate counsel at the expense of that College.
The secretary of the Board of Trustees of the Hudson Valley Community College, writing on behalf of said Board, expressed the view that said College and its officers should have independent legal counsel to represent their interests; and that the Board of Trustees recognizing the problem did, in fact, select an attorney to be retained on a "when needed basis" to act as legal advisor to the Board of Trustees and represent said College, and that presently the College employs outside counsel for the purposes of negotiating labor contracts and to represent the College at all levels of grievance procedure.
Education Law, Article 126, covers the subject of "Community Colleges and State-Aided Four-Year Colleges." Sections 6301(2) and 6302(1)(a), designate a county, inter alia, as a local sponsor that may establish a community college. Article 126 is replete with provisions relating to the controls that the legislative body of a county exercises over a community college for which it acts as a local sponsor. Commenting on some of the sections contained in said Article 126, Presiding Justice Gibson, in Meyer v. Wiess, 25 A.D.2d 174 (3d Dept., 1966), stated:
 "Examining further into the statutory scheme, we note that the county board's all-pervasive and inclusive control in matters of capital andof capital finance, as indeed of income, is repeatedly indicated in the provisions of article 126; as in that directing preparation of the budget by the college board `for submission to and approval by'
the Board of Supervisors (§ 6306, subd. 2; emphasis supplied); in the provision that contracts or agreements `deemed necessary or appropriate for the effective operation of the college' may be entered into by the board of trustees, subject to the approval of the sponsor and to regulations and limitations by the State University Trustees (§ 6306, subd. 7); in the direction that financial assistance granted to the college by the State shall be paid to the sponsor (§ 6302, subd. 3); in the authority granted to the county board with respect to the issuance of bonds and notes (§ 6304, subd. 1, par. b); and in the provisions for close control by the county board of all financial transactions, by audit, regulation and various other means, extending even to petty cash funds of not to exceed $200 each (§ 6304, subds. 5, 6; § 6302, subd. 3). The Legislature's clear intent, implicit in its commitment to the local sponsor of full responsibility for financial supervision, complete to seemingly the most minor details * * *."
County Law, § 500, mandates that the board of supervisors of each county appoint a county attorney whose duties as provided for under section 501(1), include, in part:
 "1. The county attorney shall be the legal advisor to the board of supervisors and every officer whose compensation is paid from county funds in all matters involving an official act of a civil nature. The county attorney shall prosecute and defend all civil actions and proceedings brought by or against the county, the board of supervisors and any officer whose compensation is paid from county funds for any official act, except as otherwise provided by this chapter or other law. * * *"
County Law, § 501(2), further provides:
 "2. Whenever the interests of the board of supervisors or the county are inconsistent with the interest of any officer paid his compensation from county funds, the county attorney shall represent the interest of the board of supervisors and the county. In such case the officer may at his own expense employ an attorney-at-law."
County Law, § 502(1), authorizes a county legislative body to provide for the appointment of assistant county attorneys whom under subdivision 2 of said section "shall perform such duties pertaining to the office as may be directed by the county attorney."
We agree with the view expressed by the Secretary of the Board of Trustees in his letter that "a community college is not a political subdivision of the county nor is it subject to exclusive county control and/or county financing."
However, in view of the language expressed by Presiding Justice Gibson in Meyer v. Wiess, supra, that a county board's "all-pervasive and inclusive control in matters of capital and of capital finance, as indeed of income, is repeatedly indicated in the provisions of article 126 * * *" and in view of the provisions of County Law, §§ 501(1) and (2) and 502, the Hudson Valley Community College should be represented by the office of the Rensselaer County Attorney and the County Attorney would be authorized to designate one of his assistants to perform such function on his behalf.
In answer to your specific question, we conclude that absent a conflict between the County of Rensselaer and the Hudson Valley Community College, the Board of Trustees of said College is not authorized to employ the services of an attorney, other than the Rensselaer County Attorney, to advise the College officials and appear for the College or its officers in litigation including tort matters which are covered by an insurance carrier; but, in the event of a conflict between the County of Rensselaer and the Hudson Valley Community College where such conflict is proclaimed by a majority vote of all the members composing the Board of Trustees of the Hudson Valley Community College, said Board of said College would be authorized to employ separate counsel to represent it at its own expense but only by legislative sanction of the Rensselaer County Legislature.